IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE WHICHARD | : |
| 8470 Limekiln Pike, Apt. P4-7 | : |
| Wyncote, PA 19095 | : CIVIL ACTION |
| and | : |
| VICKI DUNBAR | : |
| 4400 Fairmount Avenue, Apt. 202 | : |
| Philadelphia, PA 19104 | : |
| | : |
| vs. | : |
| | : JURY TRIAL DEMANDED |
| VALLEY FORGE CASINO RESORT | : |
| 1160 First Avenue | : COMPLAINT |
| King of Prussia, PA 19406 | : |
| and | : |
| VALLEY FORGE CONVENTION CENTER | : |
| PARTNERS, L.P. | : |
| 435 Devon Park Drive | : |
| Wayne, PA 19087 | : |

I.   **PRELIMINARY STATEMENT**

1. Plaintiffs, Tyrone Whichard and Vicki Dunbar (hereinafter "Plaintiffs") bring this action pursuant to The Americans with Disabilities Act, 42 U.S.C. §12101, *et seq* (hereinafter "ADA") for disability discrimination and negligent infliction of emotional distress. Plaintiffs seek equitable relief, compensatory damages, costs and attorney fees from Defendants for Defendants' discriminatory practices and other tortuous actions.

II.   **PARTIES**

2. Plaintiff, Tyrone Whichard, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing at 8470 Limekiln Pike, Apt. P4-7, Wyncote, PA 19095.

3. Plaintiff, Vicki Dunbar, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing at 4400 Fairmount Avenue, Apt. 202, Philadelphia, PA 19104.

4. Upon information and belief, Defendant, Valley Forge Casino Resort (hereinafter "Valley Forge" and jointly "Defendants") is a corporation or duly authorized legal entity operating in the Commonwealth of Pennsylvania, which operates, owns, maintains, and manages and conducts business known as the Valley Forge Casino Resort.

5. Upon information and belief, Defendant, Valley Forge Convention Center Partners, L.P. (hereinafter "Valley Forge Convention" and jointly "Defendants") is a corporation or other duly authorized legal entity operating in the Commonwealth of Pennsylvania, which was the owner of the entity known as the Valley Forge Casino Report and responsible for operation, ownership, maintenance, management and day to day operation of the above referenced hotel casino with an address located at 435 Devon Park Drive, Wayne, PA 19087.

6. At all times material hereto, the conduct of the above referenced Defendants, as enumerated within this Complaint, occurred within the Commonwealth of Pennsylvania and County of Montgomery and District Court of the Eastern District of Pennsylvania.

7. At all times material hereto, the conduct of the above referenced Defendants, occurred during the course and scope of the employment of all relevant employees, contractors and/or representatives of the above referenced Defendants.

### III.   JURISDICTION AND VENUE

8. Jurisdiction over this action is conferred on this Court by 28 U.S.C. §1331 and 28 U.S.C. §1343.

9. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391.

10. At all times material hereto, Defendants operated the above-referenced hotel casino enterprise with Plaintiffs engaged as business invitees of the above referenced Defendants.

11. Plaintiffs have complied with all jurisdictional prerequisites associated with the filing of this application and now seeks redress in this Honorable Court.

## IV.   FACTUAL BACKGROUND

12. Plaintiffs, Tyrone Whichard and Vicki Dunbar, at all relevant times hereto were deemed disabled pursuant to The Americans with Disabilities Act.

13. Plaintiffs, Tyrone Whichard and Vicki Dunbar, are blind and otherwise sight impaired.

14. This disability was open and obvious and known to all relevant employees, contractors and/or representatives of the above referenced Defendants.

15. On or about July 28, 2021, Plaintiffs decided to spend three days at the casino resort.

16. Plaintiffs checked in on July 28, 2021, which was a Wednesday, and left said property location on or about July 30, 2021.

17. During the course of their stay, Plaintiffs had interaction with numerous Valley Forge employees, including but not limited to manager Jim Morse, "Voyce" a security officer, as Supervisor Mark Griffith, and Security Officer Matt Brown.

18. Plaintiffs suffered and continue to suffer from disabilities associated with blindness and sight impairment which was discussed with the reservations desk at the time of check in.

19. On two (2) occasions during the course of said stay, Plaintiffs were escorted to the casino with security officers so the Plaintiffs could play slot machines, which was a service

provided by Defendants.

20. Plaintiffs requested sight assistance immediately upon check in and also sought assistance with their bags for transfer to their room location.

21. Plaintiffs were told during the second day of their stay that we can no longer help you with assistance to the casino and food area and were also told that they were "nothing but a liability" due to their sight impairment.

22. Plaintiffs sought assistance from "Alex" the front desk clerk, employee I.D. No. 5674343, to complain about the conditions at said hotel casino and sought explanation as to why they were not afforded assistance to the hotel amenities due to their ADA Disability.

23. On one occasion, Plaintiffs contacted "Sylvia", a front desk clerk, who advised that she was unable to get Plaintiffs security help for travel assistance within the facility.

24. As a result of being unable to receive assistance in travel throughout the casino resort, Plaintiffs had to have food delivered to their room from an outside food vendor.

25. While Plaintiffs were staying in Room 2205, Plaintiffs were unable to freely travel across the property location as a direct result on the failure on the part of the Defendants from providing visual guidance.

26. Plaintiffs were intimidated and upset by the derogatory comments made by Defendants' representatives including "you're a liability" and "if you can't see you shouldn't be staying here."

27. Plaintiffs thereafter left the property location on or about Friday, July 30, 2020 after failing to have any assistance in moving about the location.

28. On numerous occasions, Plaintiffs requested assistance to the elevator so that they could properly travel and were denied that opportunity from Defendants and its

representatives.

29. Plaintiffs were subjected to ongoing and continuous harassment related to their disability whereby employees of the Defendants failed to properly assist, engage and help Plaintiffs with the most basic requests with transportation assistance which fell on deaf ears.

30. At all times material hereto, Plaintiffs were clearly individuals with a disability as defined by the ADA 42 U.S.C. §12101 *et seq.* and Title III of the ADA.

31. At all times material hereto, Plaintiffs were individuals with a disability who should have been afforded the most reasonable of accommodations and assistance so that they may enjoy the amenities associated with the Defendants' property location as those without a disability.

32. At all times material hereto, Defendants' conduct was unusually cruel, upsetting and without any legitimate business basis.

33. As a direct and proximate result of the acts and/or omission set forth herein, Plaintiffs left the property location being unable to use the hotel casino facilities, forced to order food from outside the property to their room and were, in essence, prisoners without any assistance and guidance in terms of traversing said property location.

34. As a direct and proximate result of the acts and/or omission set forth herein, Plaintiffs suffered severe humiliation in the form of mental anguish as well as suffering from losses in the form of monetary losses for their failure to enjoy the premises.

## **COUNT I**

### **PLAINTIFFS, TYRONE WHICHARD AND VICKI DUNBAR vs. VALLEY FORGE CASINO RESORT and VALLEY FORGE CONVENTION CENTER PARTNERS, L.P. VIOLATION OF THE AMERICAN WITH DISABILITIES ACT**

35. Plaintiffs incorporate all of the aforementioned averments as though fully set forth herein at length.

36. Plaintiffs were members of a class of persons entitled to protection from unlawful discriminatory acts, harassment, retaliation, and abuse pursuant to The American with Disabilities Act, 42 U.S.C. §12101 *et seq.* and Title III of the ADA as a direct result of Plaintiffs' serious medical condition and/or disability (blindness and sight impairment).

37. At all times material hereto, Plaintiffs made Defendants fully aware of said medical and physical condition identified *Supra* which is open and obvious to all of Defendants' employees, contractors and/or representatives.

38. At all times material hereto, Defendants operated a commercial organization and/or entity that was subject to the requirements of The Americans with Disabilities Act in terms of providing accommodations and/or assistance to those with a known disability including providing people with disabilities an equal opportunity to access to the goods and services provided by the Defendants.

39. Defendants and its representatives discriminated against Plaintiffs because of their medical conditions and/or disability and by subjecting them to harassment, ridicule and adverse action because of their medical condition and/or disability.

40. Defendants and its representatives discriminated against Plaintiffs because of their medical and physical conditions and/or disability by refusing to help them with the most basic

tasks so they may enjoy their stay at Defendants' facility and due the Plaintiffs including providing people with disabilities an equal opportunity to access to the goods and services provided by the Defendants.

41. Defendants attempted to intimidate, harass and force Plaintiffs to leave the property location by failing to provide the most reasonable of accommodations so that they may act as any other paying customer at the above referenced facility and afford people with disabilities an equal opportunity to access to the goods and services provided by the Defendants.

WHEREFORE, Plaintiffs, Tyrone Whichard and Vicki Dunbar, demand judgment against the Defendants, Valley Forge Casino Resorts and Valley Forge Convention Center Partners, L.P., for damages, interest, attorney's fees, costs of suit as well as all other relief that this Honorable Court deems just and proper.

## COUNT II

### PLAINTIFFS, TYRONE WHICHARD AND VICKI DUNBAR vs. VALLEY FORGE CASINO RESORT and VALLEY FORGE CONVENTION CENTER PARTNERS, L.P. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

42. Plaintiffs incorporate all of the aforementioned averments as though fully set forth herein at length.

43. During the course of said aforementioned actions by the Defendants, Plaintiffs were forced to endure ADA discrimination, and humiliation without any true ability to halt this behavior.

44. As a direct result of this behavior, Plaintiffs have suffered severe emotional mental anguish, humiliation, inconvenience, loss of life's pleasures, sleeplessness, nervousness and depression and they may continue to suffer same for an indefinite period of time in the future

as a direct result of the negligence on the part of the above-referenced Defendants.disabilities an equal opportunity to access to the goods and services provided by the Defendants.

WHEREFORE, Plaintiffs, Tyrone Whichard and Vicki Dunbar, demand judgment against the Defendants, Valley Forge Casino Resorts and Valley Forge Convention Center Partners, L.P., for damages, interest, attorney's fees, costs of suit as well as all other relief that this Honorable Court deems just and proper.

SAFFREN & WEINBERG

By: _____
Marc A. Weinberg, Esquire
Attorney for Plaintiff

Dated: 9.8.22